PAUL M. da COSTA, ESQ. - I.D. #042042003
SNYDER SARNO D'ANIELLO
MACERI & da COSTA LLC
425 Eagle Rock Avenue
Roseland, New Jersey 07068
(973) 274-5200
pdacosta@medmalattorneynj.com
Attorneys for Plaintiff

| | |
|---|---|
| MELISSA C. FIORI-LACIVITA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA ; John Does 1-10 and Jane Does 1-10 (representing presently unknown healthcare providers; including, but not limited to, doctors, nurses, medical residents, medical interns, respiratory therapists, technicians, etc.) & ABC CORPS. 1-10 (representing presently unknown facilities or entities who rendered care to the Plaintiff), *et. al,*<br><br>Defendants. | IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, CAMDEN VICINAGE<br><br>Civil Action<br><br>**COMPLAINT, JURY DEMAND, AFFIDAVIT OF MERIT OF RICHARD LUCIANI, M.D., REJECTION OF NOTICE OF ALLOCATION, DEMAND FOR INSURANCE COVERAGE & DEMAND FOR TRANSCRIPTION** |

## COMPLAINT IN CIVIL ACTION

### PARTIES

1.  Plaintiff, Melissa C. Fiori-Lacivita, being a citizen and resident of Vineland, New Jersey.

2. On January 31, 2014, Plaintiff underwent a cesarean section at Inspira Health Network/Inspira Medical Center Vineland ("Inspira") performed by Ylbe Franco-Palacios, M.D..

3. On January 31, 2014, Ylbe Franco-Palacios, M.D. was employed by Community Health Care, Inc. d/b/a CompleteCare, which was a federally qualified health center.

4. On January 31, 2014, Ylbe Franco-Palacios, M.D. was a deemed employee of the United States pursuant to 42 U.S.C. § 233(g).

5. Prior to March 2016, Plaintiff did not have any knowledge or notice of Ylbe Franco-Palacios, M.D. being an employee of Community Health Care Inc. d/b/a CompleteCare, and Plaintiff did not have knowledge or notice of Ylbe Franco-Palacios, M.D. being a deemed employee of the United States.

6. At all relevant times, Defendant, United States of America, employed Ylbe Franco-Palacios, M.D., John Does 1-10 and Jane Does 1-10. By virtue of this employment relationship, the Defendant United States of America is responsible for the negligence of Ylbe Franco-Palacios, M.D. as detailed below.

7. At all relevant times Ylbe Franco-Palacios, M.D., John Does 1-10 and Jane Does 1-10 were acting as Defendant United States of America's employees, servants, apparent agents and/or actual agents.

8. At all relevant times, Ylbe Franco-Palacios, M.D., John Does 1-10 and Jane Does 1-10 were acting within the course and scope of their employment relationship with the United States of America making the United States of America liable for the aforementioned individuals' negligence.

9. Community Health Care, Inc. d/b/a CompleteCare, Inspira Health Network and ABC Corps. 1-10 are professional corporations and/or legal entities organized and existing under the laws of New Jersey. At all relevant times, Ylbe Franco-Palacios, M.D., John Does 1-10 and Jane Does 1-10 provided medical care and treatment to the Plaintiff at Inspira Health Network's Vineland, New Jersey location.

10. Plaintiff is asserting professional liability claims against Defendant United States of America, Ylbe Franco-Palacios, M.D., John Does 1-10, Jane Does 1-10 and ABC Corps. 1-10.

11. At all relevant times, the Plaintiff was under the medical care of the Defendant directly and/or indirectly by and through its employees, servants, agents, ostensible agents and or persons under the Defendant's direct control or right of control. These persons include Ylbe Franco-Palacios, M.D. and other potential healthcare providers involved in the care of Plaintiff whose identities are presently known only to Defendant and who are represented by fictitious Defendants John Does 1-10, Jane Does 1-10 and ABC Corps. 1-10.

12. At all relevant times, Ylbe Franco-Palacios, M.D. and the Defendant were involved in the care of Plaintiff, were engaged in the practice of ob/gyn medicine pursuing their specialties and were obligated to utilize in the practice of their profession, the skill, knowledge and care they possessed in order to pursue their professions in accordance with patient safety rules and reasonably safe and accepted standards of medicine in general and their specialties in particular.

13. Ylbe Franco-Palacios, M.D. and Defendant undertook to provide healthcare related services to the Plaintiff beginning with the Plaintiff's presentation at Inspira on January 31, 2014.

14. The Plaintiff's bowel was perforated during the January 31, 2014 cesarean section, and the said bowel perforation was not diagnosed intraoperatively.

15. The Plaintiff's bowel perforation was not diagnosed or treated.

16. The bowel perforation, and the failure to timely diagnose and treat the said bowel perforation, were caused by the wrongful acts, negligence and carelessness of all the Defendants and their employees, servants, agents, ostensible agents, subsidiaries and/or affiliates and were not caused or contributed to or by any act or omission on the part of the Plaintiff.

## JURSIDICTION AND VENUE

17. This Court's jurisdiction is invoked pursuant to the Federal Tort Claims Act, 28 U.S.C.A §§1346(b) and 2674, as well as 28 U.S.C.A. §1367 and 28 U.S.C.A. §2675(a).

18. On or about October 3, 2016, Plaintiff served a Standard Form 95 Claim with the Department of Health and Human Services alleging that Ylbe Franco-Palacios, M.D. failed to properly perform a cesarean section on the Plaintiff resulting in a perforated bowel.

19. More than six months has expired since the time Plaintiff filed her Standard Form 95 Claim with the Department of Health and Human Services, and the

Plaintiff's claim has not been validated or resolved by the Defendant as of the present date.

20. The amount in controversy exceeds $150,000 on each count exclusive of interest and costs.

21. Venue in the District of New Jersey is proper under 28 U.S.C.A §1391 because the events or omissions giving this action occurred within the district.

## FACTUAL BACKGROUND

22. On January 31, 2014, the Plaintiff was admitted to Inspira.

23. On January 31, 2014, the Plaintiff underwent a cesarean section performed by Ylbe Franco-Palacios, M.D.

24. During the cesarean section, the Plaintiff's bowel was perforated and was not recognized intraoperatively.

25. Plaintiff's perforated bowel was not diagnosed until she was taken to the operating room on February 5, 2014.

26. On February 5, 2014, Plaintiff underwent a laparotomy, drainage of peritoneal abscesses, peritoneal washout, right colon diverting colostomy, and an appendectomy.

27. Plaintiff was diagnosed with sepsis secondary to intraabdominal peritonitis secondary to bowel perforation on or about February 6, 2014.

28. Following the surgeries performed on February 5, 2014, the Plaintiff was admitted to the intensive care unit ("ICU") and placed on a mechanical ventilator.

29. On February 13, 2014, Plaintiff underwent a CT-guided drainage of a right upper quadrant fluid collection.

30. The failure of Defendant to timely diagnose and treat Plaintiff's bowel perforation was the proximate cause of Plaintiff developing intraabdominal peritonitis.

31. The failure of Defendant to timely diagnose and treat Plaintiff's bowel perforation was the proximate cause of Plaintiff developing sepsis.

32. The failure of Defendant to timely diagnose and treat Plaintiff's bowel perforation was the proximate cause of Plaintiff requiring admission to the ICU.

33. The failure of Defendant to timely diagnose and treat Plaintiff's bowel perforation was the proximate cause of Plaintiff requiring mechanical ventilation.

34. The failure of Defendant to timely diagnose and treat Plaintiff's bowel perforation was the proximate cause of Plaintiff experiencing conscious physical pain and suffering following the January 31, 2014 cesarean section.

35. The failure of Defendant to timely diagnose and treat Plaintiff's bowel perforation was the proximate cause of Plaintiff experiencing emotional pain and suffering following the January 31, 2014 cesarean section.

36. The failure of Defendant to timely diagnose and treat Plaintiff's bowel perforation was the proximate cause of Plaintiff's permanent abdominal scarring and disfigurement.

37. Plaintiff was at an increased risk of bowel perforation during the January 31, 2014 cesarean section.

38. Defendant deviated from accepted standards of obstetrical and gynecological care by perforating Plaintiff's bowel during the January 31, 2014 cesarean section.

39. Defendant did not diagnose Plaintiff's bowel perforation at any time during the January 31, 2014 cesarean section.

40. Defendant did not ever diagnose Plaintiff's bowel perforation.

41. Defendant did not ever recommend any care or treatment to treat Plaintiff's bowel perforation.

42. Defendant did not ever render any care and treatment to treat Plaintiff's bowel perforation.

## COUNT I – NEGLIGENCE
## UNITED STATES OF AMERICA

43. The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

44. The negligence and carelessness of Defendant United States of America is based on the negligence of Ylbe Franco-Palacios, M.D., John Does 1-10, Jane Does 1-10, ABC Corps. 1-10 and its employees and consists of one or more of the following:

(a) failing to recognize that Plaintiff was at an increased risk for bowel perforation while undergoing the cesarean section;

(b) failing to properly and adequately protect Plaintiff's bowel during the cesarean section;

(c) failing to take all necessary safety precautions to avoid injuring Plaintiff's bowel during the cesarean section;

(d) perforating Plaintiff's bowel during the cesarean section;

(e) failing to inspect Plaintiff's bowel prior to end of the cesarean section in an effort to identify any potential injuries to Plaintiff's bowel;

(f) failing to recognize that Plaintiff's bowel had been injured during the cesarean section;

(g) failing to diagnose Plaintiff's bowel perforation during the cesarean section;

(h) failing to diagnose Plaintiff's bowel perforation post-operatively;

(i) failing to anticipate and recognize that Plaintiff had a bowel perforation post-operatively;

(j) failing to treat Plaintiff's bowel perforation;

(k) failing to timely treat Plaintiff's bowel perforation;

(l) failing to recognize that Plaintiff's post-operative clinical presentation was indicative of a potential bowel perforation;

(m) failing to order the appropriate diagnostic studies and tests post-operatively that would have more likely than not diagnosed Plaintiff's bowel perforation;

(n) failing to diagnose Plaintiff's post-operative intraabdominal peritonitis;

(o) failing to diagnose Plaintiff's post-operative sepsis;

(p) failing to treat Plaintiff's post-operative intraabdominal peritonitis;

(q) failing to treat Plaintiff's post-operative sepsis;

45. The aforementioned deviations from accepted standards of care and patient safety rules were a direct and proximate cause for the Plaintiff's bowel perforation, intraabdominal peritonitis and sepsis.

46. The aforementioned deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the Plaintiff experiencing severe physical conscious pain and suffering.

47. The aforementioned deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the Plaintiff experiencing emotional pain and suffering.

48. The aforementioned deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the Plaintiff having permanent abdominal scarring and disfigurement.

49. The aforementioned deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the Plaintiff's loss of enjoyment of life.

50. The aforementioned deviations from accepted standards of care and patient safety rules were a substantial and contributing factor in causing Plaintiff's economic and non-economic damages.

**WHEREFORE**, Plaintiffs hereby demands judgment in her favor and against Defendants United States of America, John Does 1-10, Jane Does 1-10, ABC Corps. 1-10, jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together within interest and costs.

### COUNT II-NEGLIGENCE
### JOHN DOES 1-10, JANE DOES 1-10 & ABC CORPS. 1-10

51. The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

52. The negligence of and carelessness of Defendants, John Does 1-10, Jane Does 1-10 and ABC Corps. 1-10, consists of one or more of the following:

(a) failing to recognize that Plaintiff was at an increased risk for bowel perforation while undergoing the cesarean section;

(b) failing to properly and adequately protect Plaintiff's bowel during the cesarean section;

(c) failing to take all necessary safety precautions to avoid injuring Plaintiff's bowel during the cesarean section;

(d) perforating Plaintiff's bowel during the cesarean section;

(e) failing to inspect Plaintiff's bowel prior to end of the cesarean section in an effort to identify any potential injuries to Plaintiff's bowel;

(f) failing to recognize that Plaintiff's bowel had been injured during the cesarean section;

(g) failing to diagnose Plaintiff's bowel perforation during the cesarean section;

(h) failing to diagnose Plaintiff's bowel perforation post-operatively;

(i) failing to anticipate and recognize that Plaintiff had a bowel perforation post-operatively;

(j) failing to treat Plaintiff's bowel perforation;

(k) failing to timely treat Plaintiff's bowel perforation;

(l) failing to recognize that Plaintiff's post-operative clinical presentation was indicative of a potential bowel perforation;

(m) failing to order the appropriate diagnostic studies and tests post-operatively that would have more likely than not diagnosed Plaintiff's bowel perforation;

(n) failing to diagnose Plaintiff's post-operative intraabdominal peritonitis;

(o) failing to diagnose Plaintiff's post-operative sepsis;

(p) failing to treat Plaintiff's post-operative intraabdominal peritonitis;

(q) failing to treat Plaintiff's post-operative sepsis;

53. The aforementioned deviations from accepted standards of care and patient safety rules were a direct and proximate cause for the Plaintiff's bowel perforation, intraabdominal peritonitis and sepsis.

54. The aforementioned deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the Plaintiff experiencing severe physical conscious pain and suffering.

55. The aforementioned deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the Plaintiff experiencing emotional pain and suffering.

56. The aforementioned deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the Plaintiff having permanent abdominal scarring and disfigurement.

57. The aforementioned deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the Plaintiff's loss of enjoyment of life.

58. The aforementioned deviations from accepted standards of care and patient safety rules were a substantial and contributing factor in causing Plaintiff's economic and non-economic damages.

59. Defendants, John Does 1-10, Jane Does 1-10 and ABC Corps. 1-10, are vicariously liable for the acts and/or omissions of all other Defendants, their employees, servants, agents and/or ostensible agents.

**WHEREFORE**, Plaintiff, hereby demands judgment in her favor and against Defendant United States of America, John Does 1-10, Jane Does 1-10 and ABC Corps. 1-10, jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

## COUNT III-VICARIOUS LIABILITY
## UNITED STATES OF AMERICA & ABC CORPS. 1-10

60. The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

61. The negligence and carelessness of Ylbe Franco-Palacios, M.D., John Does 1-10, Jane Does 1-10 is vicarious to the negligence of Defendant United States of America and ABC Corps. 1-10, their employees, servants, agents and ostensible agents and consist of the acts or omission set forth in Counts I through II, which are incorporated herein by reference.

62. The negligence and carelessness of Defendants United States of America and ABC Corps. 1-10 was a substantial and contributing factor in causing Plaintiff's economic and non-economic and damages.

**WHEREFORE**, Plaintiff hereby demands judgment in her favor and against Defendant United States of America in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

## DAMAGES

63. As a result of Defendant's and its employees' negligence, carelessness, recklessness and disregard for accepted standards of care and patient safety rules, Plaintiff has suffered devastating and permanent, physical and emotional physical injuries and emotional harm as a result of the medical condition noted above.

64. As a further result of Defendant's and its employees' negligence, the Plaintiff suffered various damages as a direct and proximate cause of her bowel perforation suffered on January 31, 2014 up to and including the present date, including severe physical conscious pain and suffering, severe emotional pain and suffering, permanent disability and impairment, permanent disfigurement, loss of enjoyment of life and economic losses.

65. As a further result of Defendant's and its employees' negligence, the Plaintiff incurred hospital and medical expenses and loss of earnings.

**WHEREFORE**, Plaintiff hereby demands judgment in her favor against the Defendant United States of America, John Does 1-10, Jane Does 1-10 and ABC Corps. 1-10 jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and cost.

## REJECTION OF ANY NOTICES OF ALLOCATION

Plaintiff rejects any Notices of Allocation asserted by any Defendant. Plaintiff insists that the details upon which any claim of allocation is based be provided to

Plaintiffs in a timely manner in discovery as is required by <u>Young v. Latta</u>, 123 N.J. 584 (1991).

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues involved herein.

## DEMAND FOR INSURANCE COVERAGE

Defendants are demanded to provide a complete copy of their applicable liability insurance policies including any excess or umbrella policies, with declaration sheets, as well as the requisite Certifications regarding same within fifty (50) days of service of this Complaint.

## DEMAND FOR TRANSCRIPTION

Plaintiff demands that each Defendant produce a typed transcription of any and all of his/her handwritten office records and hospital records within thirty (30) days of service of the Complaint.

<u>s/ Paul M. da Costa</u>
Paul M. da Costa, Esq.
Snyder Sarno D'Aniello
Maceri & da Costa LLC
Attorneys for Plaintiff

Dated: August 4, 2017